UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DIGITAL CACHE, LLC., <br><br> Plaintiff, <br><br> v. <br><br> MICRO-STAR INTERNATIONAL CO. LTD., <br><br> Defendant | Case No. 6:21-cv-00732-ADA <br><br> Patent Case <br><br> Jury Trial Demanded |

### DEFENDANT MICRO-STAR INTERNATIONAL CO. LTD. ANSWER TO COMPLAINT

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Defendant Micro-Star International Co. Ltd. ("Defendant" or "MSI") answers the allegation of Plaintiff Digital Cache LLC's (Plaintiff or "Digital Cache") Complaint for Patent Infringement (the "Complaint") filed on July 16, 2021.

**PARTIES**

2. MSI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1.

3. MSI admits it is a corporation organized and existing under the laws of Taiwan that maintains an established place of business at No. 69, Lide St., Zhonghe District, New Taipei City 235, Taiwan.

**JURISDICTION**

4. MSI admits that the Complaint purports to allege patent infringement under the patent laws of the United States, but denies that it has committed any of the alleged acts of infringement.

5. MSI admits that this Court has subject matter jurisdiction.

1

6. MSI admits it has conducted business in the Western District of Texas. For the purposes of this action only, MSI consents to venue in the Western District of Texas and does not contest that this Court has personal jurisdiction over MSI. MSI denies that it has committed acts of infringement in this District or elsewhere. MSI denies the remaining allegations of Paragraph 6.

## VENUE

7. MSI admits it is a foreign corporation. For the purposes of this action only, MSI consents to venue in the Western District of Texas. MSI denies that it has committed acts of infringement in this District or elsewhere. MSI denies the remaining allegations of Paragraph 7.

## PATENT IN SUIT

8. MSI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

## THE '015 PATENT

9. MSI admits that, on its face, United States Patent No. 6,851,015 (the "'015 patent" or "Patent in Suit") is entitled "Method of overwriting data in nonvolatile memory and a control apparatus used for the method." MSI admits that, on its face, the '015 patent says it was issued on February 1, 2005. Except as expressly admitted within, MSI denies the remaining allegations, if any, contained in Paragraph 9.

## COUNT 1: INFRINGEMENT OF THE '015 PATENT

10. MSI repeats and incorporates by reference its answers to the allegations in Paragraphs 1 through 9, as if fully set forth herein.

11. Denied.

12. Denied

13. MSI admits that, on its face, Exhibit 2 attached to the complaint purports to be Exemplary '015 Patent Claims to the Exemplary Defendant Products. MSI denies the remaining allegations contained in Paragraph 13.

14. MSI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Denied.

## JURY DEMAND

16. Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

MSI denies Plaintiff is entitled to any of the requested relief. Plaintiff is not entitled to recover damages, attorney's fees, costs, interest, or any other recovery from MSI. Plaintiff's prayer for relief should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, MSI asserts the following defenses. Nothing in these defenses is intended to or shall be construed as an argument or admission that MSI bears the burden of proof as to any matter raised in any of its defenses. MSI reserves the right to assert additional defenses and to amend its Answer to the Complaint as additional information becomes known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

1. MSI has not and does not infringe (directly or indirectly, literally or under the doctrine of equivalents, contributorily, or by inducing) any valid claims of the '015 patent.

## SECOND AFFIRMATIVE DEFENSE

2. One or more claims of the '015 patent are invalid for failure to comply with one or more of the requirements specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

3. Based on proceedings before the United States Patent and Trademark Office

("PTO") during the prosecution of the applications that ultimately issued as the '015 patent, Plaintiff is precluded or otherwise estopped from asserting any construction of the claims of the '015 patent that is inconsistent with its or its predecessor-in-interest's representations before the PTO, including any amendment, cancellation, abandonment of claims, admissions or other statements made in and to the PTO.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims for infringement of the '015 patent are barred or limited by waiver, estoppel, implied license, laches, and/or acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff is barred from asserting claims for patent infringement against MSI to the extent any of the allegedly infringing conduct or products are based on or related to products supplied to MSI (directly or indirectly), made, sold, or used by an entity or entities having an express or implied license to the '015 patent, and/or Plaintiff's claims are precluded under the doctrine of patent exhaustion.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's recovery of costs is barred by 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint fails to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims for infringement of the '015 patent are barred or limited by the doctrine of unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Micro-Star International Co. Ltd. respectfully requests that the Court:

    a.    Enter judgment in favor of MSI on all claims in the Complaint;

    b.    Dismiss with prejudice the Complaint and all claims in it;

    c.    Declare that the '015 patent is invalid and unenforceable;

    d.      Award MSI reasonable attorneys' fees and costs; and

    e.      Grant MSI such other and further relief as may be proper and just.

Date: September 27, 2021

Respectfully submitted,

By: */s/ Bijal V. Vakiil*
Bijal V. Vakil (CA Bar No. 192878)
(*admitted to the Western District of Texas*)
Allen & Overy LLP
530 Lytton Avenue, 2nd Floor
Palo Alto, CA 94301
Telephone: (650) 388-1703
Email: bijal.vakil@allenovery.com

COUNSEL FOR MICRO-STAR INTERNATIONAL CO. LTD

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 27, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

By: */s/ Bijal V. Vakil*
Bijal V. Vakil